**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-01371 VAP (Ex)                                  Date:  September 16, 2011

Title:       DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE -v- MARIA GARCIA AND DOES 1 THROUGH 10 INCLUSIVE
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

     Marva Dillard                                                            None Present
     Courtroom Deputy                                                  Court Reporter

ATTORNEYS PRESENT FOR                              ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                        DEFENDANTS:

     None                                                                        None

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On May 13, 2011, Plaintiff Deutsche Bank National Trust ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Maria Garcia ("Defendant") in the Superior Court of California, County of San Bernardino.  (Doc. No. 1 (Not. of Removal) at 7.)  On August 3, 2011, Defendant removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (<u>See</u> <u>Deutsche Bank Nat. Trust Co. v. Garcia</u>, EDCV 11-01231VAP (SPx), Doc. No. 1 at ¶ 6.)  On August 19, 2011, this Court remanded the action for lack of jurisdiction. (<u>See</u> <u>id.</u>, Doc. No. 6.)  On August 29, 2011, Defendant removed the action to this Court for the second time, asserting the same basis for removal.  (Doc. No. 1 at 1.)

MINUTES FORM 11                                                  Initials of Deputy Clerk:  jh-relief
CIVIL -- GEN                                    Page 1

EDCV 11-01371 VAP (Ex)
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE v. MARIA GARCIA AND DOES 1 THROUGH 10 INCLUSIVE
MINUTE ORDER of September 16, 2011

  Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

  Defendant alleges a basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law.  (See Not. of Removal ¶ 6.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendant has not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

  Defendant has not met her burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.

  Additionally, this is Defendant's second attempt to remove the same case without alleging a proper basis for this Court's jurisdiction.  Parties may not remove an action twice on the same basis.  Seedman v. U.S. Dist. Court for Cent. Dist. of Calif., 837 F.2d 413, 414 (9th Cir. 1988) (holding a district court lacked jurisdiction where a defendant's second removal petition was based on the same ground as the prior removal); Homestead Ins. Co., Inc. v. Casden, 234 No. 05-55060, 2007 WL 1296734 (9th Cir. May 2, 2007) (same).  The Court cautions Defendant that if she

EDCV 11-01371 VAP (Ex)
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE v. MARIA GARCIA AND DOES 1 THROUGH 10 INCLUSIVE
MINUTE ORDER of September 16, 2011

removes the Superior Court action to this Court again without alleging a proper basis for jurisdiction, **Defendant may be subject to sanctions**. See, e.g., Quantum Servicing Corp. v. Castaneda, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); SD Coastline v. Reyes, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions.").

**IT IS SO ORDERED.**